UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| AURORA PEREA, *et al.*, ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | Cause No. 2:12-CV-6-RLM-APR |
| ) | |
| ARIEL DOMINGUEZ, *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION and ORDER

This matter comes before the court on a motion to remand (Doc. No. 18) filed by plaintiffs Aurora Perea, Edwin Rondan, and Hugo Zavala. Defendants Ariel Dominguez, Magnum Insurance Agency, Inc., ETI Financial Corporation, and Universal Casualty Company have submitted filings in opposition to Ms. Perea's motion to remand. Defendant LRA Corporation[1] hasn't appeared or filed any response with this court but filed an answer in the state court. Because consent of every defendant who was joined or served wasn't obtained, the court grants the motion to remand.

Ms. Perea contends that removal was improper because it lacked the consent of all the defendants who were properly served and joined before removal. The removal petition was filed with this court on January 6, 2012. In later filings, parties attached an updated docket sheet from the state court that indicates that on January 6, 2012, the state court received and docketed a

---
[1] Previously improperly captioned as "LRE Corporation."

postal card indicating that LRA Corporation had been served. While the card was received and docketed on January 6, it was silent as to the date on which service was accomplished.

The defendants contend that removal was proper on this issue for two reasons. First, they say that the defendant company that Ms. Perea refers to as "LRE Corporation" is actually named "LRA Corporation," so even if someone at LRA Corporation accepted service on or before January 6, no proper service occurred since the defendant was misnamed. Second, the defendants contend that because the defendant filing the notice of removal (ETI Financial Corporation) had no way of knowing that fellow defendant LRA Corporation had been served when ETI's counsel transmitted the notice of removal by overnight mail on January 5, that defendant can't be charged with knowing that LRA Corporation had been joined and served as of the time of removal.

The defendants' first contention – that service was improper because LRA Corporation was improperly captioned as LRE Corporation – is not supported by Indiana law (which is the proper law for judging service prior to removal. FED. R. CIV. P. 81(c)(1); *see, e.g.* Ciomber v. Cooperative Plus, Inc., 527 F.3d 635, 644 (7th Cir. 2008) (applying Illinois law to test the sufficiency of pleadings filed prior to removal)). In Indiana, when the proper defendant is served, but he is named incorrectly on the suit, the service is still proper. General Finance Corp. v. Skinner, 426 N.E.2d 77, 84 (Ind. Ct. App. 1981) ("If process is really served on the person intended to be sued, although a wrong name is given him in the writ and return, and he suffers a default, or omits to

plead the misnomer in abatement, he is bound by the judgment rendered against him." *quotations omitted*). When literal compliance with the rules governing service (INDIANA TRIAL RULES 4 through 4.17) means effective service, Glennar Mercury-Lincoln, Inc. v. Riley, 338 N.E.2d 670, 675 (Ind. Ct. App. 1975), substantial compliance that affords notice to the defendant can't be denied for a technical flaw. INDIANA TRIAL RULE 4.15(F) ("No summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him, the name of the court, and the time within which he is required to respond.").

Ms. Perea's complaint named a list of defendants including "LRE Corporation." In spite of the mistaken caption, the name LRA Corporation was used in the text of the complaint. The summons was issued in the name "LRA Corporation" and mailed (by certified mail) to "LRA Corporation." Furthermore, before being notified of the removal, Mr. Larry Raybin, who asserts he is the president of LRA Corporation, filed a written answer (*pro se*) with the clerk of the Lake County Superior Court. *See* State Court Records, Doc. No. 26, Exh. 2. This leaves the court with no basis to say that, in spite of the error in the name, LRA wasn't properly served according to INDIANA TRIAL RULE 4.15(F). LRA Corporation, by its agent Mr. Raybin, received the notice which was reasonably calculated to inform it that LRA was a defendant in this suit. The answer received by the state court makes it apparent that the message of the

summons was properly conveyed, and the court won't set aside service that achieved its goal, per Indiana law. *See* IND. TR. R. 4.15(F).

The defendants next contend that the removing defendant had no way of knowing that LRA Corporation had been served before the filing of the removal petition, so the petitioner shouldn't be held accountable for obtaining the consent of that defendant. The federal clerk's office received the notice of removal on January 6 and docketed it that day. On the same day, the Lake County Superior Court clerk's office received the executed certified mail return card indicating that LRA had been served, although the date of service was not written on the card. Two facts seem inescapable. First, LRA must have been served sometime before January 6 since the postcard was returned to the state court that day. Second, ETI, the removing defendant, had no way of knowing that LRA had been served when it overnight-mailed its first notice of removal.

The removal statute 28 U.S.C. § 1446(b)(2)(A) provides that any defendant who has been properly joined and served must either join in or consent to the removal of the action. *See e.g.* Shaw v. Dow Brands, Inc., 994 F.2d 364, 369 (7th Cir. 1993) *overruled on other grounds by* Meridian Security Ins. Co. v. Sadowski, 441 F.3d 536, 539—540 (7th Cir. 2006). If interpreted strictly and enforced immediately, this language could be onerous in a case in which one defendant removed, believing, in good faith, that another wasn't properly served and the court didn't allow an opportunity to correct the deficiency. This court needn't decide whether some equitable reading is required in such circumstances. While ETI might have been in that

predicament with its initial petition, ample opportunity existed to correct the deficiency either by obtaining the consent of LRA once it was apparent LRA was actually served before removal or by providing evidence that LRA wasn't actually served before removal even though the state court docket seems to indicate that it was. After the January 6 notice of removal (filed on the same day as the state court received the proof of service card), ETI then filed an amended notice of removal on January 11 to reflect that it had received an amended complaint. Following Ms. Perea's motion to remand, ETI responded and even included an affidavit regarding other factual issues. Finally, on February 28, ETI filed a second amended notice of removal (with the court's permission) to correct a different error. These multiple filings and the time elapsed in this matter moot the defendants' fairness argument based on the probability that the first removal petition crossed the proof of LRA's service in the mail.

The removal statute allows a plaintiff to move for remand when the removal was not in compliance with proper procedure. 28 U.S.C. § 1447(c). "A complaint stating a claim falling under federal question jurisdiction may be removed only according to the procedures spelled out in 28 U.S.C. § 1446, unless another statute dispenses with them." Gossmeyer v. McDonald, 128 F.3d 481, 489 (7th Cir. 1997); *see also* Snapper, Inc. v. Redan, 171 F.3d 1249, 1253 (11th Cir. 1999) ("The failure to comply with [the] express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand pursuant to § 1447(c)."). With much time and a few filings in

which the problem could have been corrected intervening, the defect in the defendants' removal can't be said to be merely clerical or based on the filing crossing the proof of service in the mail. It amounts to a failure to comply with the removal statute, making remand justifiable.

Proper removal requires that every defendant who has been joined and served either join in the removal or consent to it. The record reflects (and the defendants have provided no evidence otherwise) that LRA Corporation was joined as a defendant and was served before the first notice of removal being received by the court. The record also shows no consent from LRA to remove. This case, then, has been improperly removed and the court GRANTS Ms. Perea's motion to remand. This matter is REMANDED to the Lake County Superior Court. Other pending motions are dismissed as moot without prejudice.

SO ORDERED.

ENTERED: March 29, 2012

/s/ Robert L. Miller, Jr.
Judge
United States District Court